IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARCUS PETERSON, AIS#176556, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:14cv1091-MHT |
| | ) | [WO] |
| | ) | |
| CHAPLAIN STEVEN SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Marcus Peterson ("Peterson"), an inmate incarcerated at the Staton Correctional Facility and member of the Moorish Science Temple of America, filed this 42 U.S.C. § 1983 on October 10, 2014.[1]  In this civil action, Peterson seeks to assert violations of the First Amendment and Equal Protection Clause stemming from alleged actions undertaken by Chaplain Steven Smith which he believes have hindered his ability to practice and facilitate the growth of his religion.  However, upon initiation of this case, Peterson did not file the requisite $350 filing fee and $50 administrative fee applicable when a plaintiff is not proceeding *in forma pauperis*, nor did he submit an original affidavit in support of a motion

---

[1]    The law is well settled that, under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  The complaint in this case was signed on October 10, 2014.  (Doc. # 2 at 24).  Consequently, in light of the foregoing and for purposes of  the proceeding herein, the court deems October 10, 2014, as the date of filing.

for leave to proceed *in forma pauperis* accompanied by the required documentation from the inmate account clerk.  Due to these deficiencies, an order was entered requiring that on or before November 12, 2014, Peterson provide the court with either the appropriate fees or the necessary financial information.  *Order of October 28, 2014 - Doc. No. 3* at 1-2.  The court specifically cautioned Peterson that failure to comply with this order would result in a recommendation that this case be dismissed.  *Id*. at 2.

As of the present date, Peterson has filed nothing in response to the aforementioned order. The court therefore concludes that this case is due to be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to file the requisite fees or provide the court with financial information in compliance with the order of this court.  It is further

ORDERED that on or before **December 24, 2014**, the parties may file objections to the  Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 10th day of December, 2014.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

3